PER CURIAM.
Junior Caughron appeals from a final order in which the trial court, after an evidentiary hearing, denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He claimed his attorney provided ineffective assistance by failing to seek recusal of the trial judge upon learning that the judge had an ongoing personal relationship with the victim’s aunt. Following the hearing, the court found that the evidence showed no proof that the trial judge knew the victim before trial, that the decision not to seek recusal was a professional decision, and that the judge’s conduct at trial did not indicate that a different result would have occurred had a different judge presided. As no prejudice was shown, we affirm the court’s denial of his motion on this ground. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Caughron further claimed his attorney was ineffective in not requesting jury instructions on the defenses of voluntary intoxication and/or self-defense. However, because the record supports that the decision to not request these instructions was a strategic one, we also affirm.
WARNER, C.J., POLEN and KLEIN, JJ., concur.